# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
(Filed: July 29, 2019)

```
* * * * * * * * * * * * *
ROBERT RUPPENTHAL,           *
Conservator of the Estate of D.V.M.,  *
a minor child,               *    UNPUBLISHED
                             *
                             *    No. 13-183V
           Petitioner,       *
                             *    Chief Special Master Dorsey
v.                           *
                             *    Attorneys' Fees and Costs
                             *
SECRETARY OF HEALTH          *
AND HUMAN SERVICES,          *
                             *
           Respondent.       *
* * * * * * * * * * * * *
```

Howard S. Gold, Gold Law Firm, LLC, Wellesley Hills, MA, for petitioner.
Linda S. Renzi, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On March 11, 2013, Haytor Vega and Lucia Martinez filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2]

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

("Vaccine Act") on behalf of their minor son, D.V.M.[3] Mr. Vega and Ms. Martinez alleged that D.V.M. suffered an acute encephalopathy within seventy-two hours of receiving a diphtheria-tetanus-acellular pertussis ("DTaP") vaccine on March 12, 2010. Petition at 1. On April 21, 2017, the undersigned issued a decision finding that petitioner was entitled to compensation. On November 29, 2018, the parties filed a Proffer, which the undersigned adopted as her Decision awarding damages on June 4, 2019. ECF No. 123.

On April 15, 2019, petitioners filed an application for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 120). Petitioners request compensation in the amount of $52,843.87, representing $44,675.00 in attorneys' fees and $8,168.87 in costs. Fees App. at 2. In compliance with General Order No. 9, petitioner represents that he has not personally incurred any costs in pursuit of this litigation. Id. at 1. Respondent did not file a response.

For the reasons discussed below, the undersigned GRANTS petitioners' motion and awards a total of $52,843.87.

### I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). Because compensation was awarded to petitioner, the undersigned finds that he is entitled to an award of reasonable attorneys' fees and costs.

#### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are

---

[3] On August 27, 2018, Robert Ruppenthal was appointed conservator of D.V.M.'s estate. See Petitioner's Exhibit 39. Mr. Ruppenthal subsequently became the petitioner in this matter. See Order dated Sept. 24, 2018 (ECF No. 110).

2

"excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i. Reasonable Hourly Rates

For petitioner's attorney, Mr. Howard Gold, petitioner requests the following rates of compensation: $360.00 per hour for work performed in 2015, $370.00 per hour for work performed in 2016, $380.00 per hour for work performed in 2017, $390.00 per hour for work performed in 2018, and $400.00 per hour for work performed in 2019. Petitioner also asks for $125.00 per hour for all work performed by Mr. Gold's paralegal from 2015-2017, and $135.00 per hour for 2018 onward.

The undersigned finds the requested rates reasonable and in conformance with what Mr. Gold has previously been awarded in the Vaccine Program. See Pleasant v. Sec'y of Health & Human Servs., No. 17-610V, 2019 WL 1796127, at *2 (Fed. Cl. Spec. Mstr. Apr. 4, 2019); Cohen v. Sec'y of Health & Human Servs., No. 17-406V, 2019 WL 1502497, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2019). Additionally, Mr. Gold's requested rate of $400.00 per hour for work performed in 2019 is reasonable for an attorney with his experience. Accordingly, no adjustment to the requested rates is necessary.

### ii. Reasonable Hours Expended

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable. The billing entries accurately reflect the nature of the work performed and the undersigned does not find any of the entries to be objectionable. Respondent has also not indicated that he finds any of the entries to be objectionable either. Accordingly, petitioner is entitled to the full amount of attorneys' fees sought, $44,675.00.

### b. Attorneys' Costs

Petitioner requests a total of $8,168.87 in attorneys' costs. This amount is comprised of acquiring medical records, travel costs, the expert work of Dr. Marcel Kinsbourne in providing two reports, and the conservatorship work of Mr. Ruppenthal. The undersigned has reviewed the submitted invoices and finds all of the requested costs to be reasonable and supported by adequate documentation. Accordingly, petitioner is entitled to the full amount of costs sought.

## II.     Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and his counsel as follows:

| Attorneys' Fees Requested | $44,675.00 |
|---|---|
| (Total Reduction from Billing Hours) | - |
| **Total Attorneys' Fees Awarded** | **$44,675.00** |
|  |  |
| Attorneys' Costs Requested | $8,168.87 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$8,168.87** |
|  |  |
| **Total Amount Awarded** | **$52,843.87** |

**Accordingly, the undersigned awards the following:**

1) **$52,843.87 in attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. Howard Gold.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

**IT IS SO ORDERED.**

*s/Nora Beth Dorsey*
Nora Beth Dorsey
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.